UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In the Matter of the Tax Indebtedness of,<br><br>RUSSELL M. MACDONALD and RENE C. MACDONALD | NO. CV-06-299-RHW<br><br>**ORDER DENYING RUSSELL M. MACDONALD'S MOTION TO ALTER OR AMEND THE JUDGMENT** |

Before the Court is Russell M. MacDonald's Motion to Alter or Amend Judgment (Ct. Rec. 13). The motion was heard without oral argument.

On March 19, 2007, the Court entered an order denying Russell MacDonald's Motion to Quash and Vacate IRS Summons and Show Cause Order for Lack of Subject Matter Jurisdiction, denying his Motion for Discovery, and approving the judicial levy requested by the Government (Ct. Rec. 12). Mr. MacDonald nows asks the Court to reconsider that order because, according to Mr. MacDonald, the Government failed to provide him with the mandatory statutory Notice of Federal Tax Lien. Mr. MacDonald did not raise this argument in his response to the Court's show cause order.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665

**ORDER DENYING RUSSELL M. MACDONALD'S MOTION TO ALTER OR AMEND THE JUDGMENT ~ 1**

(9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Rule 60(b)(1) provides that a court may relieve a party from a final judgment on the basis of excusable neglect. "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

In his motion, Mr. MacDonald is raising new arguments that could reasonably have been raised earlier in the litigation, and, therefore, are not properly before the Court. Although Mr. MacDonald implies that he was unable to make these arguments earlier due to misinformation given to him by his advisors, this alone is not sufficient for the Court to reopen this case. *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1048 (9th Cir. 1992) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).")

Accordingly, **IT IS HEREBY ORDERED**:

1. Russell MacDonald's Motion to Alter or Amend the Judgment (Ct. Rec. 13) is **DENIED**.

///

///

///

///

**ORDER DENYING RUSSELL M. MACDONALD'S MOTION TO ALTER OR AMEND THE JUDGMENT ~ 2**

1 **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 this Order and forward copies to counsel and Rene C. MacDonald and Russell M.
3 MacDonald.
4     **DATED** this 10th day of April, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Macdonald (tax)\deny2.wpd

**ORDER DENYING RUSSELL M. MACDONALD'S MOTION TO ALTER OR AMEND THE JUDGMENT ~ 3**